| | |
|---|---|
| Russell E. Levine, P.C. (*pro hac vice*) <br> rlevine@kirkland.com <br> Paul D. Collier (*pro hac vice*) <br> pcollier@kirkland.com <br> James B. Medek (*pro hac vice*) <br> jmedek@kirkland.com <br> Greg Polins (*pro hac vice*) <br> greg.polins@kirkland.com <br> George William Foster (*pro hac vice*) <br> billy.foster@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 300 North LaSalle Street <br> Chicago, IL 60654 <br> Telephone: (312) 862-2000 <br> Facsimile: (312) 862-2200 <br><br> John R. Edwards (S.B.N. 244310) <br> john.edwards@kirkland.com <br> Brian W. Lee (S.B.N. 255363) <br> brian.lee@kirkland.com <br> Mark D. Fahey (S.B.N. 294551) <br> mark.fahey@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 3330 Hillview Avenue <br> Palo Alto, CA 94304 <br> Telephone: (650) 859-7000 <br> Facsimile: (650) 859-7500 <br><br> Attorneys for Plaintiffs OpenTV, Inc. and Nagra France | DURIE TANGRI LLP <br> DARALYN J. DURIE (SBN 169825) <br> ddurie@durietangri.com <br> CLEMENT S. ROBERTS (SBN 209203) <br> croberts@durietangri.com <br> LAURA E. MILLER (SBN 271713) <br> lmiller@durietangri.com <br> ZAC A. COX (SBN 283535) <br> zcox@durietangri.com <br> 217 Leidesdorff Street <br> San Francisco, CA 94111 <br> Telephone: (415) 362-6666 <br> Facsimile: (415) 236-6300 <br><br> Attorneys for Defendant <br> NETFLIX, INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **OPENTV, INC., and NAGRA FRANCE SAS,** <br><br> Plaintiffs, <br><br> v. <br><br> **NETFLIX, INC.,** <br><br> Defendant. | Case Nos.: 3:14-cv-01525-RS <br> 3:14-cv-01723-RS <br><br> **STIPULATION & [~~PROPOSED~~] E-DISCOVERY ORDER** |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order, and efforts to promote efficiency and reduce costs, will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests in accordance with Paragraph 9.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

1    12.    Nothing in this Order prevents the parties from agreeing to use technology assisted
2  review and other techniques insofar as their use improves the efficacy of discovery.  Such topics
3  should be discussed pursuant to the District's E-Discovery Guidelines.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION & [PROPOSED]                    4                           3:14-cv-01525-RS
E-DISCOVERY ORDER                                                      3:14-cv-01723-RS

1    **IT IS SO STIPULATED**, through Counsel of Record.

2

3    Dated: November 6, 2014        */s/ John R. Edwards*
                                                     Counsel for Plaintiffs

4    Dated: November 6, 2014        */s/ Laura E. Miller*
                                                     Counsel for Defendant

5

6

7    **IT IS ORDERED** that the forgoing Agreement is approved.

8    Dated: 11/13/14

9

10                                        Richard Seeborg
                                       United States District Judge

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that I have obtained concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered for inspection upon request.

Dated: November 6, 2014                                  */s/ John R. Edwards*