| | |
|---|---|
| Russell E. Levine, P.C. (*pro hac vice*) <br> rlevine@kirkland.com <br> Paul D. Collier (*pro hac vice*) <br> pcollier@kirkland.com <br> James B. Medek (*pro hac vice*) <br> jmedek@kirkland.com <br> Greg Polins (*pro hac vice*) <br> greg.polins@kirkland.com <br> George William Foster (*pro hac vice*) <br> billy.foster@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 300 North LaSalle Street <br> Chicago, IL 60654 <br> Telephone: (312) 862-2000 <br> Facsimile: (312) 862-2200 <br><br> John R. Edwards (S.B.N. 244310) <br> john.edwards@kirkland.com <br> Brian W. Lee (S.B.N. 255363) <br> brian.lee@kirkland.com <br> Mark D. Fahey (S.B.N. 294551) <br> mark.fahey@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 3330 Hillview Avenue <br> Palo Alto, CA 94304 <br> Telephone: (650) 859-7000 <br> Facsimile: (650) 859-7500 <br><br> Attorneys for Plaintiffs OpenTV, Inc. and <br> Nagra France SAS | DURIE TANGRI LLP <br> DARALYN J. DURIE (SBN 169825) <br> ddurie@durietangri.com <br> CLEMENT S. ROBERTS (SBN 209203) <br> croberts@durietangri.com <br> LAURA E. MILLER (SBN 271713) <br> lmiller@durietangri.com <br> ZAC A. COX (SBN 283535) <br> zcox@durietangri.com <br> 217 Leidesdorff Street <br> San Francisco, CA 94111 <br> Telephone: (415) 362-6666 <br> Facsimile: (415) 236-6300 <br><br> Attorneys for Defendant <br> NETFLIX, INC. |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **OPENTV, INC.,** <br><br>         **Plaintiff,** <br><br>   v. <br><br> **NETFLIX, INC.,** <br><br>         **Defendant.** <br><br> **OPENTV, INC. and NAGRA FRANCE SAS,** <br><br>         **Plaintiffs,** <br><br>   v. <br><br> **NETFLIX, INC.,** <br><br>         **Defendant.** | Case No. 3:14-cv-01525-RS <br> Case No. 3:14-cv-01723-RS <br><br> **STIPULATION AND JOINT MOTION AND [PROPOSED] ORDER VACATING PREVIOUS ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT OF INVALIDITY UNDER §101** |

WHEREAS, on December 16, 2014, the Court issued its Order Granting in Part and Denying in Part Motion for Summary Judgment of Invalidity Under § 101 (Dkt No. 71), in which the Court denied summary judgment of invalidity under § 101 for U.S. Patent No. 7,055,169 and granted summary judgment of invalidity under § 101 for U.S. Patent Nos. 7,305,691 and 8,332,268;

WHEREAS, were this case to continue to final judgment, OpenTV would be in a position to exercise rights to seek appellate review of the Order Granting in Part and Denying in Part Motion for Summary Judgment of Invalidity Under § 101;

WHEREAS, this case involves claims for infringement of eleven patents, and to continue to final judgment would require adjudicating all the claims and the rights and liabilities of the parties with respect to the eleven patents;

WHEREAS, the parties now desire to resolve their disputes and dismiss the litigation in accordance with the terms of a settlement agreement such that no final judgment would be rendered and no appeal would therefore follow, and therefore OpenTV will not have been able to seek appellate review of the Order Granting in Part and Denying in Part Motion for Summary Judgment of Invalidity Under § 101;

WHEREAS, because this case is at an early stage of litigation with eleven patents-in-suit, settlement would allow OpenTV and Netflix to devote their financial and human resources to more productive pursuits and also save significant amounts of court resources, serving the public interest;

WHEREAS, with settlement and dismissal this action, the parties have agreed to jointly seek this Court's vacatur of the Order Granting in Part and Denying in Part Motion for Summary Judgment of Invalidity Under § 101 under the factors set forth in *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720 (9th Cir. 1982), providing a finding that the Order will have no preclusive effect;

IT IS HEREBY STIPULATED by and between the parties hereto, through their respective attorneys of record, that they jointly request that the Court vacate its December 16, 2014 Order Granting in Part and Denying in Part Motion for Summary Judgment of Invalidity Under § 101 and jointly request that the Court include a finding that Order Granting in Part and Denying in Part Motion for Summary Judgment of Invalidity Under § 101 shall have no preclusive effect.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: January 13, 2015 | */s/ John R. Edwards* |
| | Counsel for Plaintiffs |
| | |
| Dated: January 13, 2015 | */s/ Laura E. Miller* |
| | Counsel for Defendant |

Having considered the factors set forth in *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720 (9th Cir. 1982) (*see also Persistence Software, Inc. v. The Object People, Inc.*, 200 F.R.D. 626 (N.D. Cal. 2001), relating to preclusive effect of vacated orders, the Court decides as follows:

(1) Upon review of the factors in the above-referenced authorities, including "'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes'" (*see, e.g., American Games, Inc. v. Trade, Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (*quoting Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 668 F.2d 720, 722 (9th Cir. 1982)), the Court finds that under the circumstances present here, that the December 16, 2014 Order Granting in Part and Denying in Part Motion for Summary Judgment of Invalidity Under § 101 should be vacated, and that it should have no preclusive effect.

(2) The Order Granting in Part and Denying in Part Motion for Summary Judgment of Invalidity Under § 101 is interlocutory in nature, subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of the parties. *See* Rule 54(b). Only two patents are subject to the Court's prior grant of partial summary judgment. This case, however, involves claims for infringement of eleven patents, and to continue to final judgment would require adjudicating all the claims and the rights and liabilities of the parties with respect to the eleven patents. The parties have arrived now at a proposed resolution of this matter providing for dismissal of this action, including all eleven patents, without the Court's entry of a final judgment, and therefore OpenTV's appeal regarding the order would not follow under the proposed dismissal. Upon

consideration of the record in this action, and in recognition of a party's rights to seek appellate review of an order adjudicating patent eligibility, and the hardships that may follow if the Court declines to vacate its order under the circumstances of this case, and the factors set forth in the authorities above, the Court finds that the parties' stipulated joint request is meritorious. Accordingly,

IT IS HEREBY ORDERED THAT

The December 16, 2014 Order Granting in Part and Denying in Part Motion for Summary Judgment of Invalidity Under § 101 is hereby vacated, with it having no preclusive effect in any future proceeding;

IT IS HEREBY FURTHER ORDERED THAT the parties are to submit to the Court a proposed order dismissing the case within three (3) days of this order.

IT IS SO ORDERED.

Dated:

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that I have obtained concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered for inspection upon request.

Dated: January 13, 2015 */s/ John R. Edwards*